IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HAJI AMIN, | ) | CASE NO. 3:05 CV 2303 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| KHELLEH KONTEH, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## I. Introduction

Before me by referral[1] is the *pro se* petition of Haji Amin for a petition of habeas corpus pursuant to 28 U.S.C. § 2254.[2]  Amin is incarcerated at the Toledo Correctional Institution serving a 15-year to life term for complicity to commit murder, such sentence imposed after his conviction at a 2003 Lucas County, Ohio jury trial.[3]

Amin asserts four grounds for relief, contending that the proceeding against him was time-barred in the state courts and that he was denied the effective assistance of appellate counsel in not raising two purported errors of trial counsel and in not arguing that the conviction was supported by insufficient evidence.[4]  In response, the State maintains that

---

[1] ECF # 8.

[2] ECF # 1.

[3] *Id*. at 1.

[4] *Id.* at 3.

Amin has procedurally defaulted his claim of a time-bar[5] and that, in any event, this issue is non-cognizable.[6]   Moreover, it contends that the claims based on the purported ineffectiveness of appellate counsel were judged to be without merit by a state appeals court reviewing the denial of Amin's motion to re-open his appeal under Ohio Appellate Rule 26(B), and that such findings did not involve unreasonable application of clearly established federal law.

As more fully developed below, I recommend finding that the State's positions are well-taken and that Amin's petition should be dismissed in part and denied in part.

## II.  Facts

### A.    Underlying facts and state trial

Because Amin's initial appeal only involved a challenge to the timeliness of the prosecution, the state appeals court had no cause to re-state underlying facts of the offense.[7] However, the state record of the separate proceedings against Douglas Booth, who confessed

---

[5] ECF # 11 at 7-11.

[6] *Id.* at 11-12.

[7] *See*, *id.*, Attachment 11 (State Exhibit 11) (state appellate opinion).  The attachment number, which reflects how the Court's Electronic Case File arranges documents attached to filings, is not always identical with the State's own exhibits numbers.  Consequently, future references to filed material will begin with the ECF attachment number followed by the state exhibit included within that attachment.

-2-

to participating in the crime with Amin,[8] and Booth's testimony at Amin's trial[9] contain a summary outline of the offense.

Essentially, according to Booth, he was in Toledo with Amin on a July evening in 1994.[10]  During that evening, Booth and Amin were joined by Christine Lucas and the three of them drove to the home of a friend near the Maumee River.[11]  After parking the car at the home and discovering that the friend was absent, Lucas, Booth and Amin set off on foot toward the river.[12]

According to Booth's confession, when he met up with the other two at the river, he learned that Lucas had agreed with Amin to exchange sex with the two men for some crack cocaine that Amin possessed.[13]  Shortly after beginning the sexual encounter, however, Lucas resisted, telling Amin to "Get off me, get off me."[14]  Amin then became angry, striking Lucas in the side of the head while Booth held her arms down.[15]  Although Booth stated that he

---

[8] *Id.*, Attachment 3 (State Exhibit 3) (transcript of guilty plea of Douglas Booth in Lucas County Common Pleas Court Case No. CR03-1105).

[9] *See*, *id.*, Attachment 16 (State Exhibit 16) (Amin's Rule 26(B) application citing to Booth's trial testimony).

[10] *Id.*, Attachment 3 at 2.

[11] *Id.* at 3-5.

[12] *Id.* at 6-7.

[13] *Id.* at 8.

[14] *Id.* at 8-9.

[15] *Id.* at 9.

immediately told Amin to just leave Lucas alone, Amin continued to curse and strike Lucas.[16]

Amin then dragged a still-conscious Lucas into the Maumee River where he held her under

the water.[17]  Booth saw her "screaming and fighting, splashing and everything" until "[the]

next thing I know she was just lying there."[18]

In Amin's version, testified to at his trial, both men admittedly did attempt to have sex

with Lucas near the Maumee, but it was Booth who was the instigator of the assault on Lucas

that night and the person who dragged Lucas into the river, killing her.[19]  In addition, Amin

noted that this murder remained unsolved for eight years without forensic evidence of his

involvement until an informer came forward to link him to the crime in return for a reduced

sentence in another case.[20]

Booth and Amin were each charged in connection with Lucas' murder.[21]  As noted,

Booth, in a separate case, pled guilty.  The state appeals court related the sequence of events

at Amin's trial as follows:

———————————

[16] *Id*. at 10.

[17] *Id.* at 10-11.

[18] *Id*. at 11.

[19] *See*, *id.*, Attachment 16 (State Exhibit 16) (brief in support of Amin's Rule 26(B) application) at 9-14.  Amin's brief does not contain page numbers; these page numbers were independently ascertained.

[20] *Id.*

[21] *Id*., Attachment 1 (State Exhibit 1).

In 2002, [Amin] was indicted on two counts of murder and one count of kidnapping for a crime that occurred in July 1994. The trial court subsequently dismissed the kidnapping charge on statute-of-limitations grounds, and the case went to trial on the remaining charges in 2003. The jury found [Amin] guilty of complicity to commit murder and the trial court entered judgment to that effect. [Amin] was later sentenced to incarceration.[22]

## B.    Direct appeal

Amin, through new counsel,[23] timely appealed his conviction,[24] raising a single assignment of error:

> 1.    Defendant's conviction for complicity to commit murder was time-barred [and] therefore should be reversed.[25]

The State responded in opposition,[26] and the state appeals court affirmed the conviction.[27] In so doing, the appeals court initially found that, because the statute of limitations is not jurisdictional, Amin had waived this argument by not first raising it at trial.[28] Moreover, the court then applied "plain error" analysis. It concluded that, since by

---

[22] *Id.*, Attachment 11 (State Exhibit 11). Amin sentence here was to be served consecutively to that imposed for a parole violation in Lucas County Case No. CR-6635. *See*, *id.*, Attachment 6 (State Exhibit 6) (judgment entry).

[23] Amin was represented at trial by Adrian Cimerman, *see*, *id.* at Attachment 2 (State Exhibit 2), and on direct appeal to the Ohio Sixth District Court of Appeals by Patricia Horner, *see*, ECF # 1 at 3.

[24] ECF # 11, Attachment 8 (State Exhibit 8) (notice of appeal).

[25] *Id.*, Attachment 9 (State Exhibit 9) (appellant's brief).

[26] *Id.*, Attachment 10 (State Exhibit 10) (appellee's brief).

[27] *Id.*, Attachment 11 (State Exhibit 11) (decision of the Ohio appeals court).

[28] *Id.* at 2-3.

-5-

statute one charged with *complicity* to commit murder, unlike *conspiracy* to commit murder, is to be prosecuted and punished as if he were the principal offender, and since there is no statute of limitations for murder, there is no limitations defense applicable to Amin's case.[29]

Amin then filed a timely *pro se* notice of appeal with the Supreme Court of Ohio.[30] There, Amin raised the same argument he had unsuccessfully asserted in the appellate court:

> Proposition of Law No. 1:   Defendant's [sic] conviction for complicity to commit murder was time-barred [and] therefore should be reversed.[31]

Without a response by the State, the Ohio Supreme Court denied Amin leave to appeal, dismissing the appeal as not involving any substantial constitutional question.[32]

## C.  Ohio Appellate Rule 26(B) application for re-opening direct appeal

While his motion for leave to appeal was still pending with the Ohio Supreme Court, Amin, *pro se*, filed an application under Rule 26(B) with the Ohio appeals court to re-open

---

[29] *Id.* at 3-4.

[30] ECF # 11, Attachment 12 (State Exhibit 12) (notice of appeal of Haji Amin).

[31] *Id.*, Attachment 13 (State Exhibit 13) (memorandum in support of jurisdiction) at 7.

[32] *Id.*, Attachment 14 (State Exhibit 14) (Ohio Supreme Court judgment entry).

his appeal.[33]  In that application, Amin asserted that his appellate counsel was ineffective in

three ways:

1.      Appellate counsel was ineffective in not raising trial counsel's deficient
        performance in that trial counsel did not move the trial court for a
        dismissal of complicity count of indictment on statute-of-limitations
        grounds.

2.      Appellate counsel was ineffective for not raising the issue of
        insufficient evidence in which [sic] Appellant's conviction is sustained
        on in violation of his constitutional right under the Ohio Constitution,
        Article I, Section 10 and 16; and the Fourteenth Amendment to the
        United States Constitution.

3.      Appellate counsel was ineffective by not raising trial counsel's error in
        that trial counsel did not move for the suppression of State's witness,
        Doug Booth's testimony for the inconsistencies of his testimony,
        thereby prejudicing appellant, causing him to have an unfair trial.[34]

        The State did not respond to Amin's application to reopen the appeal.  Nonetheless,

the state appeals court addressed each of Amin's claims and concluded that his appellate

counsel was not ineffective.[35]

_____

        [33] *Id.*, Attachment 16 (State Exhibit 16) (Rule 26(B) application).  Although Amin
filed his Rule 26(B) motion with the appeals court while his leave to appeal was still under
consideration by the Ohio Supreme Court, Ohio law is clear that the appellate court had
jurisdiction to entertain the application. *See*, *Morgan v. Eads*, 104 Ohio St. 3d 142, 144,
818 N.E.2d 1157, 1158 (2004).  In addition, although Amin's claims in the Rule 26(B)
motion could have been made earlier in his motion for leave to appeal submitted to the Ohio
Supreme Court, the Ohio appellate court did not assert that these claims should have thus
been barred by Ohio's doctrine of *res judicata*, *see*, *Coleman v. Mitchell*, 268 F.3d 417,
427-29 (6th Cir. 2001), but addressed them on the merits.  Therefore, the federal habeas court
need not consider any possible, but unasserted, procedural bar, but may proceed to directly
consider the claims on the merits.  *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004).

        [34] *Id.* at 5, 6, 11.

        [35] *Id.*, Attachment 17 (State Exhibit 17) (decision of the appeals court).

-7-

Amin, *pro se*, thereupon filed a timely notice of appeal in the Supreme Court of Ohio.[36]  In his memorandum in support of jurisdiction, Amin raised the same claims he had asserted to the appeals court in his Rule 26(B) application.  Specifically, Amin maintained:

> Proposition of Law No. 1: Appellate counsel was ineffective in not raising trial counsel's deficient performance in that trial counsel did not move the trial court for a dismissal of complicity count of indictment on statute-of-limitations grounds.

> Proposition of Law No. 2: Appellate counsel was ineffective for not raising the issue of insufficient evidence in which Appellant's conviction is sustained on in violation of his constitutional rights under the Ohio Constitution, Article I, Section 10, and 16; and the Fourteenth Amendment to the United States Constitution.

> Proposition of Law No. 3: Appellate counsel was ineffective by not raising trial counsel's error in that trial counsel did not move for the suppression of State's witness, Doug Booth's testimony for the inconsistencies of his testimony, thereby prejudicing appellant, causing him to have an unfair trial.[37]

Again, the record does not reflect that the State filed a memorandum opposing Amin's attempt to obtain review by the Ohio Supreme Court.  The Supreme Court of Ohio, however, dismissed Amin's appeal without analyzing the claims as not involving any substantial constitutional question.[38]

---

[36] *Id.*, Attachment 19 (State Exhibit 19).

[37] *Id.*, Attachment 20 (State Exhibit 20).

[38] *Id.*, Attachment 21 (State Exhibit 21).

**D.      Federal habeas petition**

On September 19, 2005,[39] Amin, *pro se*, filed a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254 asserting the following four grounds for relief:

> Ground One:  The defendant's[40] conviction for complicity to commit
> murder was time-barred.

> Supporting Facts:  The defendant-appellant asserts that his conviction
> was beyond the six (6) years statute-of-limitations for the commencement of
> [prosecution for] a felony, which was pursuant to R.C. 2901.13.  Wherefore,
> the trial court committed errors of law by failing to find that complicity to
> commit murder was governed by the six-year statute of limitations in effect at
> the time of the offense and by finding that R.C. 2901.13 does not apply to
> Defendant-Appellant.

> Ground Two:   The defendant-appellant was denied the effective
> assistance of counsel as guaranteed under the Sixth Amendment to the United
> States Constitution.

> Supporting Facts:  Appellate counsel was ineffective in not raising trial
> counsel's deficient performance in that trial counsel did not move the court for

---

[39] This is the date Amin signed a notarized statement indicating that his habeas
petition was placed in the prison mail system.  *See*, ECF # 1 at 8.  Amin's conviction was
final on June 23, 2004, when the Ohio Supreme Court dismissed his leave to appeal of his
direct appeal.  After allowing 90 days for filing a petition for certiorari with the United States
Supreme Court, which Amin did not do, his federal habeas petition would be timely if filed
within one year of the last date when a petition for certiorari from that decision could have
been filed.  *See*, *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).  Because Amin's
habeas petition is deemed filed on September 19, 2005, the date he delivered it to the prison
mail room, *see*, *Beckovich v. Coyle*, 22 F. Supp. 2d 722, 724 (N.D. Ohio 1998) (applying
"prison mailbox rule" concerning the filing of appeals by *pro se* prisoners announced in
*Houston v. Lack*, 487 U.S. 266 (1988) to federal habeas petitions of state prisoners), and not
September 29, 2005, the date the petition actually was filed with this Court, *see*, ECF # 1
(civil cover sheet) Amin's petition is timely filed pursuant to 28 U.S.C. § 2244(d)(1).

[40] Amin incorrectly uses "defendant" and "appellant" rather than "petitioner"
throughout his petition.

-9-

a dismissal of complicity count of indictment on statute of limitations grounds[,] [t]hereby, allowing the court to move forward with trial proceedings.

Ground Three: The defendant-appellant was denied effective assistance of appellate counsel as guaranteed under the Fourteenth Amendment to the United States Constitution.

Supporting Facts: Appellate Counsel was ineffective for not raising the issue of insufficient evidence in which Appellant's conviction is sustained on in violation of his constitutional right under the Ohio Constitution, Article I, Section[s] 10 and 16, and the Fourteenth Amendment to the United States Constitution[,] [t]hus denying appellant his right to due process of law.

Ground four: The Defendant-Appellant was denied effective assistance of appellate counsel as guaranteed under the Sixth Amendment to the United States Constitution.

Supporting Facts:  Appellate counsel was ineffective by not raising trial counsel's error in that trial counsel did not move for the suppression of State's witness, Doug Booth's testimony for the inconsistencies of his testimony, thereby prejudicing appellant, causing him to have an unfair trial.[41]

As noted, the State filed a return of the writ.[42]  In the return, the State initially argues that Amin's first ground for relief – the claim that prosecution here should have been time-barred – is procedurally defaulted as waived, since, as the state appeals court observed, he never raised the issue at trial.[43]  The State further contends that, as a result of the appeals court's "plain error" analysis, Amin cannot here show cause to excuse the waiver, prejudice

---

[41] ECF # 1 at 3.

[42] ECF # 11.

[43] *Id.* at 9.

from failing to consider his claim, nor claim actual innocence.[44]  It also argues that ground one advances only a state law claim and so is not cognizable here.[45]

As to Amin's three ineffective assistance of counsel claims, the State argues that the state appellate court properly applied the *Strickland* test in rejecting those claims as part of denying Amin's Rule 26(B) application.[46]  Because, the State asserts, Amin cannot now establish that the state court's decisions on these three claims were contrary to, or involved an unreasonable application of, clearly established federal law, it argues that these claims should now be denied.[47]

Amin responded with a traverse.[48]  In that traverse, Amin contends that the ineffectiveness of his trial counsel provides cause for any failure to raise a statute-of-limitations argument at trial to the complicity charge.  He argues that his trial counsel's failure at trial to object to prosecution of the time-barred count and failure to inform him that the count was time-barred constitute the "objective factors external to the defense" that are required to show cause for a procedural default.[49]

---

[44] *Id*. at 10-11.

[45] *Id.* at 11-12.

[46] *Id.* at 12-16.

[47] *Id*. at 16.

[48] ECF # 16.

[49] *Id.* at 4.

-11-

He further asserts that he was prejudiced by his counsel's action because, he contends, were it not for trial counsel's failure to object, he would have been able to dismiss as time-barred the only charge on which he was convicted.[50]  Moreover, he states, without offering any federal case authority to support his reasoning, that this claim states a cognizable claim for federal habeas relief because the statute of limitations is part of the offense itself which must be proved, and the offense here is something distinct from murder itself.[51]

As to the three ineffective assistance of appellate counsel claims, Amin maintains in the traverse that the state appeals court misapplied *Strickland* in all three instances.

## III.  Discussion

**A.      Ground one should be dismissed as procedurally defaulted.**

*1.      Standard of review – procedural default/waiver*

"The federal court will not review claims that were not entertained by the state court either due to the petitioner's failure to raise those claims in the state court while state remedies were available *or* when a state procedural rule prevented the state court from reaching the merits of the claim."[52]  In that regard, claims of procedural default – where the state court declined to reach the merits of an asserted constitutional violation due to the

---

[50] *Id.* at 5-6.

[51] *Id.* at 6-14.

[52] *Smith v. Ohio Dep't of Rehab. & Corrs.*, 463 F.3d 426, 431 (6th Cir. 2006) (emphasis in original, internal citations omitted).

failure of the petitioner to comply with a state procedural rule – are analyzed under the longstanding test first articulated in *Maupin v. Smith*:

> First, there must be a state procedure in place that the petitioner failed to follow.  Second, the state court must have actually decided the petitioner's claim in the ground of the state procedural default.  Third, the state procedural ground must be an "adequate and independent" state ground to preclude habeas review.[53]

If these three factors are met, a petitioner can still obtain review of his claim by a federal habeas court by showing cause for the default and actual prejudice as a result of the claimed violation of federal law.[54]  Demonstrating "cause" requires showing that some factor external to the petitioner, something that cannot fairly be attributable to him, prevented him from complying with the state procedural rule.[55]  Establishing "prejudice" requires finding that the alleged error, by itself, so infected the entire trial that the conviction violated due process, not merely that the action complained of was undesirable, erroneous, or even universally condemned.[56]  A petitioner unable to establish cause and prejudice for a default may still obtain review if he submits new and reliable evidence that the alleged constitutional error has resulted in the conviction of one who is actually innocent.[57]  Moreover, before

---

[53] *Id*. at 431 (internal citations omitted).

[54] *Id.*

[55] *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

[56] *United States v. Frady*, 456 U.S. 152, 168 (1982).  If a petitioner fails to establish cause for the default, a federal habeas court need not address the issue of prejudice.  *Engle v. Isaac*, 456 U.S. 107, 134 (1982).

[57] *Dretke v. Haley*, 541 U.S. 386, 393 (2004).

-13-

ineffective assistance of counsel can be used as a cause to excuse procedural default, that particular instance of ineffective assistance must itself be presented to and exhausted in state court.[58]

When a state court, after recognizing a procedural bar, then proceeds to discuss the petitioner's claim under "plain error" analysis, the state procedural bar has been established as the ground for the decision, and the procedural default can only be overcome by a showing of cause and prejudice.[59]

A procedural default occurs when a state prisoner fails to follow a state rule, such as requiring him to make a contemporaneous objection at trial, as a condition of preserving a claimed error for appellate review.[60] The Sixth Circuit has held that Ohio's contemporaneous objection rule is an adequate and independent state law ground for foreclosing federal habeas relief.[61]  Moreover, it has also held that this rule is firmly established and regularly followed.[62]

---

[58] *Edwards v. Carpenter*, 529 U.S. 446, 451-53 (2000).

[59] *Hinkle v. Randle*, 271 F.3d 239, 244-45 (6th Cir. 2001); *Seymour v. Walker*, 224 F.3d 542, 547 (6th Cir. 2000).

[60] *Greer v. Mitchell*, 264 F.3d 663, 681-82 (6th Cir. 2001).

[61] *Mason v. Mitchell*, 320 F.3d 604, 635 (6th Cir. 2003).

[62] *Scott v. Mitchell*, 209 F.3d 854, 867 (6th Cir. 2000).

**2.**     ***Amin has defaulted his claim in ground one.***

Under the standard set forth above, I recommend finding that Amin has defaulted his first ground for relief.  As noted earlier, he concedes in his traverse that no contemporaneous objection was made at trial, as required by Ohio rule, to the timeliness of his prosecution under the statute proscribing complicity to commit murder.  This failure to make such a contemporaneous objection was directly cited by the state appeals court as barring its review of the merits of this claim on appeal.[63]  That decision, as stated earlier, in turn rests on a firmly established and regularly followed Ohio rule that is an adequate and independent state law ground for foreclosing federal habeas review.  In addition, that conclusion is, as discussed above, not compromised by the state appeals court's further decision to also conduct a "plain error" analysis.

Moreover, Amin's failure to raise in state court the issue of any ineffectiveness of his trial counsel in this respect on direct appeal precludes him, according to the rubric stated previously, from relying on any such ineffectiveness here as "cause" for his default.[64]

---

[63] ECF # 11, Attachment 11 at 2-3.

[64] Specifically, as noted earlier, under the teaching of the Supreme Court in *Edwards*, "[b]efore a claim of ineffective assistance of counsel can be considered as cause to excuse procedural default, the claim [of ineffective assistance] must be fairly presented to the state courts." *Hill v. Mitchell*, No. 1:98-CV-452, 2006 WL 2807017, at *48 (S.D. Ohio Sept. 27, 2006) (citation omitted).  Accordingly, because Amin never presented a claim of ineffective assistance of trial counsel to the Ohio courts on direct appeal, he may not rely on that claim to excuse the procedural default created by his trial counsel's failure to make a contemporaneous objection at trial to the prosecution proceeding pursuant to an allegedly time-barred charge of complicity to commit murder.  Also it must be noted that Amin did not avoid procedural default by asserting in his Rule 26(B) motion that his appellate counsel was

Further, as a result of Amin's failure to so establish "cause," the issue of "prejudice" need not be addressed in this case.

Therefore, for the foregoing reasons, I recommend finding that Amin has procedurally defaulted his claim in ground one and that such claim should be dismissed.

**B.      Grounds two, three and four – all claiming ineffective assistance of appellate counsel – should be denied as the state court decisions denying these claims were not unreasonable applications of clearly established federal law.**

*1.      Standards of review*

*a.      Ineffective assistance of counsel*

To establish ineffective assistance of counsel, two elements need to be established: first, counsel's performance must be shown to be constitutionally deficient and second, that such deficient performance prejudiced the defendant by rendering the trial unfair and its results unreliable.[65] This two-pronged test applies to reviewing the performance of appellate counsel.[66] Both prongs of the test must be met to establish a claim of ineffective assistance, although courts are not required to examine both elements if the petitioner has not shown prejudice.[67]

_____

ineffective for failing to argue on direct appeal ineffective assistance of trial counsel. *Trent v. Wilson*, No. 5:06CV2422, 2007WL4246927, at *11-12 (N.D. Ohio Nov. 28, 2007).

[65] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[66] *Bowen v.Foltz*, 763 F.2d 191, 194 (6th Cir. 1985).

[67] *Strickland*, 466 U.S. at 697.

A reviewing court's scrutiny of counsel's performance is highly deferential;[68] indeed, "the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[69]  The reviewing court must not indulge in hindsight, but must evaluate the reasonableness of counsel's performance within the context of the circumstances existing at the time of the alleged error.[70]  Ccounsel's tactical decisions, in particular, are difficult to challenge, since such a challenge must overcome the presumption that the purportedly erroneous action might have been sound trial strategy.[71]

Nevertheless, in analyzing counsel's performance under the first prong of the *Strickland* test, the reviewing court must ensure that counsel acted reasonably under all the circumstances.[72]  "[T]he relevant question is not whether counsel's choices were strategic, but whether they were reasonable."[73]

To satisfy the second "prejudice" prong of *Strickland*, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient

---

[68] *Id.* at 689.

[69] *Id.* at 690.

[70] *Id.*

[71] *Darden v. Wainwright*, 477 U.S. 168, 185-87 (1986).

[72] *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000).

[73] *Id.*

to undermine confidence in the outcome."[74]  In order to determine if there is a reasonable probability that the result of the proceeding would have been different, the reviewing court must examine the merits of the petitioner's underlying claim of error.[75]  "The essential question is whether better lawyering would have produced a different result."[76]

b.    *Unreasonable application of clearly established federal law*

28 U.S.C. § 2254(d)(1) provides that, with respect to any claim that was denied on the merits in state court, the writ shall not issue from a federal habeas court unless that state adjudication resulted in a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States."

Under the "unreasonable application" clause, a federal court may grant habeas relief if the state court identified the correct governing principles from the holdings of the Supreme Court of the United States, but then unreasonably applied those principles to the claim at issue.[77]  The proper analysis here is whether the state court decision was "objectively unreasonable" and not merely erroneous or incorrect.[78]

---

[74] *Strickland*, 466 U.S. at 694.

[75] *Maples v. Stegall*, 427 F.3d 1020, 1025 (6th Cir. 2005).

[76] *Ward v. United States*, 995 F.2d 1317, 1321 (6th Cir. 1993).

[77] *Williams v. Taylor*, 529 U.S. 362, 407-08 (2000).

[78] *Id.* at 409-11.

-18-

2.     *Application of standards*

a.     *Ground two – the state appeals court did not unreasonably apply Strickland in denying claim that appellant's counsel was allegedly ineffective for not raising purported ineffectiveness of trial counsel for not asserting that prosecution was time-barred.*

The state appeals court that considered Amin's appeal from the denial of his Rule 26(B) application began its review of all three of Amin's claims of ineffective assistance of counsel by citing to the two-part test of *Strickland* as the controlling authority.[79] The court then noted that it had, in its decision denying Amin's first appeal as of right, previously considered the issue of whether Ohio's six-year statute of limitations for felonies was applicable to Amin's prosecution for complicity to commit murder.  The court cited to that earlier decision, which concluded that Ohio's complicity statute itself provides that one charged under that law is to be prosecuted and punished in the same way as one charged with the principal offender, *i.e.*, in this case, under the murder statute.[80]  Finally, the court held that since the Ohio complicity statute itself authorized prosecuting Amin as if he were charged with murder, an offense with no limitations period for initiating a prosecution, there could have been no merit in attempting to raise a statute-of-limitations defense in this case and so

_____

[79] ECF # 11, Attachment 17 (State Exhibit 17) at 3.

[80] *Id.*, at 4, citing to ECF # 11, Attachment 11 (State Exhibit 11) at 3-4, quoting Ohio Rev. Code § 2923.03(F):  "Whoever violates this section is guilty of complicity in the commission of an offense, and shall be prosecuted and punished as if he were a principal offender.  A charge of complicity may be stated in terms of this section, or in terms of the principal offense."

no basis for finding that appellate counsel was ineffective for not raising trial counsel's failure to assert such a claim.[81]

Here, I note first that the Supreme Court has "reemphasized that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."[82] As is the case here, a federal habeas court is bound to accept a determination of a state appellate court on a matter of state law unless convinced that the state's highest court would decide differently.[83]

Amin has provided no basis by which this Court could definitively conclude that the Ohio Supreme Court would decide differently from the state appeals court here.  In fact, it is worth noting that the Ohio Supreme Court denied Amin's leave to appeal from this exact ruling on the single issue of the statute of limitations during the direct appeal in this matter.

Therefore, by Ohio law, there would have been no merit in raising a statute-of-limitations argument at trial.  The decision of the state appeals court that there was no ineffectiveness by appellate counsel for not raising such a claim concerning trial counsel was not an unreasonable application of *Strickland* to the facts of this case.  I recommend that the second ground for relief be denied.

---

[81] *Id.*

[82] *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

[83] *Olsen v. McFaul*, 843 F.2d 918, 929 (6th Cir. 1988).

b.     *Ground three – the state appeals court did not unreasonably apply Strickland in denying a claim that appellate counsel was ineffective for not arguing that Amin's conviction was not supported by sufficient evidence.*

The state appeals court here began its review of this claim by noting that sufficiency of the evidence is "a test of adequacy" that requires a reviewing court to determine, without weighing the evidence or judging the credibility of witnesses, whether a case should go to the jury.[84] The court then found as follows:

> In this case, the record contained testimony from at least two witnesses that [Amin] helped drag the victim into the river where she eventually drowned. Jason Lamont Hill testified that [Amin] admitted this to him, and Douglas Booth testified that he saw [Amin] do so. Booth also testified that [Amin] hit the victim in the head with a rock. Without weighing this testimony or judging its credibility, we find that this evidence was sufficient to send this case to the jury and support the verdict. Since the outcome of the appeal would not have been any different had appellate counsel raised this argument, appellate counsel was not ineffective.[85]

Amin's argument in his traverse that the evidence against him was insufficient because it rested solely on the "questionable testimony" of Hill and Booth, which was not supported by forensic evidence such as DNA or fiber analysis linking Amin to the crime,[86] misapprehends the fundamental notion of insufficiency of the evidence. Amin seeks to have this habeas court either undertake to re-try the case *ab initio* or to conduct a "manifest weight of the evidence" analysis – neither of which it is permitted to do. Both involve questions of

---

[84] ECF # 11, Attachment 17 (State Exhibit 17) at 4, citing *State v. Thompkins*, 78 Ohio St. 3d 380, 386 (1997). *Thompkins* cites to the well-known federal standard for sufficiency of the evidence articulated in *Jackson v. Virginia*, 443 U.S. 307 (1979).

[85] *Id.* at 4-5.

[86] *See*, ECF # 16 at 12.

assessing the credibility of particular witnesses or ascribing relative weight or importance to individual types of evidence, things that are the exclusive province of the fact finder at trial.[87] In fact, an attack, as here, against the credibility of witnesses is, at best, a challenge to the quality of the government's evidence, not a valid challenge to the sufficiency of that evidence.[88]

Accordingly, inasmuch as the state appeals court here utilized the proper legal principle concerning insufficiency of the evidence to conclude that there was no meritorious challenge to be made on that ground, I recommend finding that its decision that Amin's appellate counsel was not ineffective for failing to assert such an argument is also not an unreasonable application of clearly established federal law.  Therefore, ground three of the present petition should be denied.

c.    *Ground four – the state appeals court did not unreasonably apply Strickland when it denied Amin's claim that his appellate counsel was ineffective in not arguing that trial counsel was ineffective for not moving to suppress the testimony of Douglas Booth.*

The Ohio appellate court here noted that suppression of testimony is a remedy only available in cases where improper action by the state, such as police misconduct, results in inadmissible evidence.[89]  Since Booth's testimony was not as a result of any improper action by the state, suppression of Booth's testimony would not have been available to Amin at

---

[87] *See*, *Herrera v. Collins*, 506 U.S. 390, 401-02 (1993).

[88] *Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002).

[89] ECF # 11, Attachment 17 (State Exhibit 17) at 5.

trial.[90]  As in the preceding claims, the state court then concluded that "[b]ecause there was no basis for excluding Booth's testimony, neither appellate or trial counsel was ineffective."[91]

Again, Amin exhibits a fundamental misunderstanding of the state appellate decision. He argues in his traverse that the state court was wrong in concluding that suppression was not an available remedy since "Booth's testimony was related to *witness* misconduct...."[92] The rule, however, as stated by the Ohio court is that suppression is an available remedy only in cases where evidence sought to be suppressed is the product of *governmental* misconduct. In fact, as the State court observed here, "[Amin's] complaints about Booth's testimony go to the weight of the evidence, not the admissibility. [Amin's] [t]rial counsel vigorously cross-examined Booth, and it was up to the jury whether or not to believe his testimony."[93]

Here, as in the previous grounds, the state appeals court found, as a matter of state law, that any alleged ineffectiveness of counsel could not be based on a failure to advance a meritorious argument, since the argument being asserted had no merit.  Then, the state court properly applied *Strickland* to deny Amin's claim of ineffective assistance, since there can be no prejudice from not making a legally deficient argument. Accordingly, I recommend that ground four of this petition be denied because the state court decision in this instance was not an unreasonable application of clearly established federal law.

---

[90] *Id*.

[91] *Id.*

[92] ECF # 16 at 13 (emphasis added).

[93] ECF # 11, Attachment 17 (State Exhibit 17) at 5.

## IV.  Conclusion

For the foregoing reasons, I recommend that the petition for a writ of habeas corpus

filed by Haji Amin be dismissed in part and denied in part.

Dated:   February 12, 2008                          s/ William H. Baughman, Jr.
                                                    United States Magistrate Judge


## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[94]

---

[94] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).