UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

| | : | |
|---|---|---|
| HAJI AMIN | : | CASE NO. 3:05-CV-2303 |
| | : | |
| Petitioner, | : | |
| | : | |
| vs. | : | ORDER & OPINION |
| | : | [Resolving Doc. No. 25] |
| KHELLEH KONTEH | : | |
| | : | |
| Respondent. | : | |
| | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Haji Amin moves this Court for reconsideration of its July 29, 2008, Opinion and Order, [Doc. 21], dismissing in part and denying in part Amin's petition for habeas corpus relief. [Doc. 25.] Respondent Warden Khelleh Konteh has not filed an opposition to the motion. For the reasons discussed below, this Court **DENIES** the Petitioner's motion for reconsideration.

I. Background

On September 19, 2005, Amin filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting four grounds for relief. [Doc. 1-1.][1/] In the petition, Amin argued that the conviction for complicity to commit murder was time-barred. Further, he argued that he was denied effective assistance of counsel because his appellate counsel failed to raise his trial counsel's deficient performance in failing to raise a statue of limitations defense; failed to raise the issue of insufficient evidence on which to sustain the conviction; and failed to move for the suppression of a State witness' testimony for inconsistencies.

Regarding the first ground for relief based on the statute of limitations, Ohio responded that

---

[1/] Although the petition was filed with the Court on September 29, 2005, the effective date was September 19, 2005, when Amin placed the petition in the prison mail system. [*See* Doc. 17 at 9, n.39.]

-1-

Case No. 3:05-CV-2303
Gwin, J.

the claim was procedurally defaulted because Amin never raised the issue at trial. Further, the State argued that Amin could not show cause to excuse the waiver, prejudice from failure to consider the claim, or actual innocence. Also, because the first ground for relief only advanced a state law claim, the State argued it was not a cognizable claim for federal habeas relief. As to Amin's ineffective assistance of counsel claims, the State argued that the state appellate court properly applied the *Strickland* test in rejecting those claims previously, and those decisions were not contrary to, nor involved unreasonable application of, clearly established federal law.

Amin responded that his trial counsel's ineffectiveness provided cause for any failure to raise the statute of limitations argument at trial. Further, Amin argued that the ineffectiveness prejudiced him because if not for trial counsel's failure to object, the only charge on which he was convicted would have been dismissed. Amin argued that the claim was a cognizable claim for federal habeas relief, saying the statue of limitations is part of the offense which much be proved, and complicity to commit murder is a distinct offense from murder. From this argument, Amin contends that the statute of limitations for complicity to commit murder differs from the statute of limitations for murder. Finally, Amin argued that the state appeals court misapplied *Strickland* to all of his ineffective assistance of counsel claims.

On February 12, 2008, Magistrate Judge Baughman issued a Report and Recommendation that Amin's petition for a writ of habeas corpus be dismissed in part and denied in part. [Doc. 17.] Despite an extension granted by this Court, [Doc. 20], Petitioner Amin did not file an objection to the Report and Recommendation. On July 29, 2008, this Court adopted the Report and Recommendation, dismissing in part and denying in part the petition for habeas corpus relief. [Doc. 21.] In the Opinion and Order adopting the Report and Recommendation, this Court incorporated

-2-

Case No. 3:05-CV-2303
Gwin, J.

Magistrate Baughman's findings that Amin procedurally defaulted his claim in ground one, and failed to establish cause for his default because he failed to raise the issue of ineffectiveness of his trial counsel in his direct appeal in state court. [Doc. 17 at 15-16.] Further, this Court adopted Magistrate Baughman's findings that the state appeals court did not unreasonably apply *Strickland* to the Petitioner's ineffective assistance of counsel claims. In each claim, the state appeals court found, as a matter of state law, that the alleged ineffectiveness of counsel could not be based on a failure to advance a meritorious argument, because none of Amin's arguments had merit. [*Id*. at 19-23.]

On August 20, 2008, Petitioner Amin filed a motion to reopen the case. [Doc. 23.] With that motion, the Petition explained that he failed to object to the Report and Recommendation by the July 19, 2008 deadline because he was transferred within the prison system and did not timely receive his mail informing him of the deadline. Although this Court denied the motion to reopen the case, the Court permitted the filing of a motion to reconsider by November 21, 2008. [Doc. 24.]

Petitioner Amin filed the instant motion to reconsider on November 10, 2008. [Doc. 25.] In this motion, Petitioner Amin reasserts each of his grounds for relief, and reiterates the same arguments for each as those presented in his initial petition for a writ of habeas corpus. In addressing the first ground for relief, and the cause and prejudice test for a procedurally defaulted claim, Amin provides no explanation for his failure to raise the ineffectiveness of trial counsel on direct appeal in state court. As to the grounds based on ineffective assistance of counsel, Petitioner Amin again argues that the state court *incorrectly* applied *Strickland*, but presents no new argument as to the state court's *unreasonable* application of *Strickland*. In sum, Amin provides no new evidence or arguments in this motion for reconsideration, and merely presents again the arguments from his petition for a writ of habeas corpus.

-3-

Case No. 3:05-CV-2303
Gwin, J.

## II. Legal Standard

The Federal Rules of Civil Procedure do not describe motions to reconsider. The Sixth Circuit, however, has held that a motion to vacate and reconsider may be treated under Federal Rule of Civil Procedure 59(e) as a motion to alter or amend a judgment. *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979) ("[A] motion which asks a court to vacate and reconsider, or even to reverse its prior holding, may properly be treated under Rule 59(e) as a motion to alter or amend a judgment."). Such a motion is extraordinary and is seldom granted because it contradicts notions of finality and repose. *Wells Fargo Bank v. Daniels,* No. 1:05-CV-2573, 2007 WL 3104760, at *1 (N.D. Ohio Oct. 22, 2007); *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995).

A court may grant a motion to alter or amend a judgment if a clear error of law or newly discovered evidence exists, an intervening change in controlling law occurs, or to prevent manifest injustice. *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'" *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (quoting *In re August 1993 Regular Grand Jury*, 854 F. Supp. 1403, 1408 (S.D. Ind. 1994)).

## III. Analysis

With his motion for reconsideration, Petitioner Amin presents no new evidence or arguments as to his four grounds for relief proffered in his initial petition for a writ of habeas corpus. He does

-4-

Case No. 3:05-CV-2303
Gwin, J.

not respond directly to the Report and Recommendation or the reasons provided therein for dismissal in part and denial in part of his petition. Rather, Petitioner Amin again presents the same arguments as those found in his original petition, "renew[ing] arguments already considered and rejected by a court." Because this Court finds that no clear error of law or newly discovered evidence exists, no intervening change in controlling law has occurred, and no prevention of manifest injustice is necessary, the motion for reconsideration fails.

## IV. Conclusion

For the foregoing reasons, this Court **DENIES** the Petitioner's motion for reconsideration. [Doc. 25.]

IT IS SO ORDERED.


Dated: December 1, 2008                    s/     *James S. Gwin*
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE